| B 104<br>(Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only)<br>09-605 |
|---|---|---|

| PLAINTIFFS<br>Christopher Turner<br>9 Inman Overlook<br>Stafford VA 22556 | DEFENDANTS<br>Ephrum Williams<br>Pannie Mae Williams |
|---|---|
| ATTORNEYS (Firm Name, Address and Telephone No.)<br>N/A | ATTORNEYS (If known)<br>Joy P. Robinson,<br>9701 Apollo Drive<br>Suite 451<br>Largo, MD 20774 |

PARTY (Check one box only)   ☒ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☐ 3 U.S. NOT A PARTY

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Debt owed is not dischargeable as it was accrued through fraud by Defendants. Defendants used fraud to obtain property. Acts violate 11 USC 523 (2) (A).

☒ Check this box if the complaint states a cause of action under 11 U.S.C. §727. Only a complaint clearly stating an objection to discharge as a claim under 11 U.S.C. §727 will defer the clerk's entry of the debtor's discharge in bankruptcy. A complaint to determine the dischargeability of a debt under 11 U.S.C. §523 does not affect the entry of discharge in the ordinary course of case administration.

### NATURE OF SUIT
(Check the most appropriate box only.)

☐ 454   To Recover Money or Property
☐ 435   To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 458   To Obtain approval for the sale of both the interest of the estate and of a co-owner in property.
☒ 424   To Object or Revoke a discharge 11 U.S.C §727

☐ 455   To revoke an order of confirmation of a Chap. 11, Chap. 12 or Chap. 13 Plan
☐ 426   To determine the dischargeability of a debt 11 U.S.C. §523
☐ 434   To obtain an injunction or other equitable relief
☐ 457   To subordinate any allowed claim or interest except where such subordination is provided in a plan.

☐ 455   To obtain a declaratory judgement relating to any of foregoing causes of action
☐ 426   To determine a claim or cause of action removed to a bankruptcy court
☐ 434   Other (specify)

| ORIGIN OF PROCEEDINGS<br>(Check one box only) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND<br>$ 12,000 | OTHER RELIEF SOUGHT<br>Attorney's fees | | ☐ JURY DEMAND |
|---|---|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>Ephrum Williams / Pannie Mae Williams | BANKRUPTCY CASE NO.<br>09-20355 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Maryland | DIVISIONAL OFFICE<br>Greenbelt | NAME OF JUDGE |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | ☐ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE DEFERRED |
|---|---|---|---|
| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |

UNITED STATES BANKRUPTCY COURT DISTRICT COURT
FOR THE STATE OF MARYLAND

| | |
|---|---|
| In Re ) | CASE NO: 09-20355 |
| ) | ADV. PROCEEDING NO.: |
| EPHRIAM WILLIAMS ) | |
| & ) | Christopher Turner |
| PANNIE MAE WILLIAMS ) | v. |
| 4902 Foley Terrace ) | Ephriam Williams |
| Temple Hills, MD 20748 ) | & Pannie Mae Williams |
| ) | |
| Debtors ) | |
| ) | |
| CHRISTOPHER TURNER ) | |
| PLAINTIFF ) | |
| ) | |
| v. ) | |
| ) | |
| EPHRIAM WILLIAMS ) | |
| & ) | |
| PANNIE MAE WILLIAMS ) | |

## COMPLAINT OBJECTING TO DISCHARGE OF DEBT OWED

## FACTS & JURISDICTION

I, Christopher J. Turner, for my complaint herein, states as follows:

1. This Court has jurisdiction over this matter pursuant to Rule 7001 of the Federal Rules of Bankruptcy, 15 U.S.C. 1692(k), and 11 U.S.C. 523;

2. I am currently a resident of Virginia and is former owner of 4457 B Street S.E. Washington D.C.;

3. Defendants reside in the state of Maryland located at 4902 Foley Terrace, Temple Hills, MD 20748 and purchased the property located at 4457 B Street S.E. Washington DC from the Plaintiff;

4. Defendants filed Chapter 7 bankruptcy in June 2009. In July 2009, a meeting of creditors was held but I never received any notice of that meeting. I only learned of the meeting because the

attorney for the Defendants sent the notice to the attorney who assisted me in filing a lawsuit against the Defendants. The meeting had already been held.

5. Defendants obtained the property by fraud and deception and are now attempting to discharge the debt owed on the property through this bankruptcy action. The debt is not dischargeable on that basis pursuant to established bankruptcy law.

6. I sold the property known as the 4457 B. Street S.E. Washington D.C. to the Defendants on December 12, 2006 pursuant to an agreement by the parties;

7. On December 12, 2006, Defendants entered into a Sales Contract for the sale of real estate. The parcel of real estate is 4457 B. Street S.E. Washington D.C. 20019. The Plaintiff owned the parcel;

8. The contract called for the Purchasers, Ephriam Williams and Pannie Mae Williams, to purchase the property, 4457 B. Street S.E. Washington D.C. and for me to sell the property, to the Purchasers for the sales price of $460,000;

9. At closing, Defendants did not present enough financing to obtain the property on the closing date. We agreed to amend the contract for sale in order to complete the sale;

10. The agreement for the sale was amended and the execution was completed on February 7-8 2007 by agreement;

11. In the amended contract, the Defendants (buyer) agreed on February 8, 2007 to complete the sales transaction by paying $11,464.00 to the Plaintiff (seller) within 120 days of February 8, 2007 under the contract between the parties; both Defendants agreed this amended contract and initialed the contract without coercion, duress or objection.

12. The Defendants also agreed to execute a secured note on the transaction at the time of the

agreement. The attorney who handled the settlement can verify the agreement. Defendants immediately refused to sign to note. In fact, Defendants had no intention of ever paying the additional funds. Their representation is fraud and deception to obtain ownership of the property illegally.

13. Defendants, to date, never signed the note for the property. They have yet to comply with the contract as they have not paid the $11,464.00 owed to me

## COUNT 1 – FRAUDULENT MISREPRESENTATION

The Plaintiff, by reference, incorporates paragraphs 1-13 into the instant complaint as if fully stated herein:

1. On February 7, 2007, the Defendants and the Plaintiff entered into a real estate sales contract;

2. The Purchasers (Defendants) agreed to pay the Plaintiff $460,000 for the property.

3. The contact additionally provided that the Defendants would pay the Plaintiff $11,464.00 after execution of the contract within 120 days of settlement in order to finally complete the sale;

4. Defendants agreed to execute a note for the transaction and property; soon afterwards, the Defendants refused to execute the note for the property in violation of the agreement;

5. Defendants obtained the property by fraudulent misrepresentations;

6. Defendants have yet to pay $11,464.00 and have refused to pay the agreed upon amount despite efforts to negotiate a settlement of the dispute. I have spoken to the Defendant (Mr. Williams) since the execution of the contract and it is clear that they never intended to pay for the property in full or execute the note. They are now seeking protection of this court for their fraudulent actions

7.  Defendants individually are both guilty of fraud and should be ordered to pay this debt;

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays to this Honorable Court for Judgment Against the Defendants, as follows:

1.  That to award me $11,464.00 plus interest, all court costs, fees, and attorney fees for the willful breach of the agreement by the Defendants and continuing breach of contract through fraudulent representations;

2.  That the court award attorney fees to me due to the breach of the contract and the continuing intentional breach by Defendants and the refusal to sign the note securing the debt with the property;

3.  For such other relief that this Court deems just and proper.

Respectfully submitted,

_____

Christopher Turner